IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Jonathan C. Francis, #941-5836, ) | C/A No.  3:05-2499-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v.  ) | |
| ) | |
| Dr. Selman Watson (in his personal capacity); ) | **ORDER** |
| Martha Williams (in her personal capacity); ) | |
| South Carolina Department of Mental Health; ) | |
| and South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Jonathan C. Francis is involuntarily civilly committed to the South Carolina Department of Mental Health ("SCDMH") Behavior Disorders Treatment Program ("BDTP") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, et seq.[1]  He filed this 42 U.S.C. § 1983 action pro se and in forma pauperis, alleging constitutional violations by defendants regarding his Wiccan religious beliefs. Specifically, plaintiff claims that (1) he is not allowed to practice his individual Wiccan religious beliefs; (2) the Wiccan program adopted by the SCDMH does not conform to his individual beliefs; and (3) another BDTP resident threatened him because of his beliefs.  He seeks injunctive relief and monetary damages.

---

[1] A person involuntarily civilly committed, by definition, is not a prisoner and is not subject to the exhaustion requirements of 42 U.S.C. § 1997e(a)(1994 ed., Supp. V).

1

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this case was referred to United States Magistrate Judge Joseph R. McCrorey for a report and recommendation ("Report"). Defendants filed a motion for summary judgment on February 10, 2006, contending that (1) plaintiff fails to show that his First Amendment rights were violated; (2) the BDTP resident who allegedly threatened him is not a person acting under color of state law; (3) when informed of the alleged threat, SCDMH performed an investigation into the plaintiff's claims and found no concrete evidence to support the allegations; and (4) defendant Williams met with those allegedly involved with the threat and no further incidents occurred after the meeting.

On April 6, 2006, plaintiff filed an opposition to the motion. In his Report dated August 8, 2006, the magistrate judge recommended that defendants' motion for summary judgment be granted. On September 11, 2006, plaintiff filed objections to the Report. This matter is now ripe for the court's review.

The applicable standard of review is clear. The magistrate judge makes only a recommendation to the Court, to which any party may file written objections:

> The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the

2

magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

While the federal court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case, see <u>Cruz v. Beto</u>, 405 U.S. 319 (1972) <u>and</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 397 (4th Cir. 1990).

After carefully reviewing the applicable law, the record in this case, and the Report, and plaintiff's objections, the court finds that the magistrate judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the magistrate judge in full and incorporates his Report by specific reference. The Report sets forth in detail the relevant facts involved in this case, and the court incorporates those facts as described in the Report without a recitation. The plaintiff's objections are overruled, and the defendants' claim for summary judgment is granted. The clerk is instructed to close this case.

IT IS SO ORDERED.

September 22, 2006                                   s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge